ELECTRONICALLY FILED
5/9/2014 11:18 AM
03-CV-2014-900829.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA

| | | |
|---|---|---|
| MARTINE D. BOYD | § | |
| **PLAINTIFF** | § | |
| **VS** | § | **Circuit Case: CV-2014-_____** |
| ERMC, II, LP, a foreign | § | |
| Limited partnership, | § | |
| WILLIAM VANDERBILT RODGERS | § | |
| an individual, and as supervisor to Plaintiff | § | |
| **DEFENDANTS** | § | |

## COMPLAINT

1. Plaintiff is a resident of Montgomery County, Alabama residing in Montgomery, Alabama.

2. The first Defendant is the employer of Plaintiff and is a foreign Limited Partnership domicile in Chattanooga, Tennessee at One Park Place 6148 Lee Hwy STE 300 hereinafter referred to as ERMC.

3. The Second Defendant is an individual and was the immediate supervisor of Plaintiff at all times relevant to the claims made hereinafter referred to as Rogers.

4. Plaintiff has been employed by ERMC since October 1, 2010 in Montgomery, Alabama.

5. During December 2012, Rogers started sexually harassing Plaintiff by asserting that he wanted to have sex with Plaintiff.

6. Plaintiff rejected the advances by Rogers.

7. On January 12, 2013, Rogers sent a video of a sex act to Plaintiff to her phone.

8. Plaintiff complained to ERMC about the events but ERMC took no immediate action.

1

9. ERMC eventually transferred Rogers to another company that is a sister organization to ERMC and is owned by the same or similar owners of ERMC located outside of Montgomery, Alabama.

10. During April 2013, Rogers came to the place of business where Plaintiff is employed and made it plain that he was in the building but did not make a direct confrontation with Plaintiff. Rogers did not have a business purpose for being in the building but his presence was a harassment act by being near Plaintiff.

11. Plaintiff was intentionally and continuously subjected to unwelcomed sexual advances by Rogers by verbal comments about Plaintiff's body, clothing, personal behavior, sex based jokes, repeatedly asking Plaintiff for sex, sexual innuendoes, and threats of discharge of the rejection of the unwanted conduct of Rogers. Rogers did intentionally and continuously manipulate circumstances where Plaintiff and Rogers were alone with no witnesses to hear the verbal comments of Rogers. The conduct of Rogers was severe and intended to be pervasive.

12. Plaintiff has suffered mental distress, and fear of termination from her employment due to the mishandling of the events by ERMC and Rogers.

13. Plaintiff has suffered emotional distress over the whole event from Defendants and has been injured and damaged.

14. Plaintiff was subjected to a hostile work environment and was discriminated against by ERMC through Rogers as manager, and Rogers individually.

15. The actions of Rogers individually, and as the representative of ERMC, violates Title VII of the United States Code, the Civil Rights Act of 1964 as amended, and State Law.

COUNT ONE – NEGLIGENCE

16. Defendants individually and as the employer of Plaintiff, owed a duty to Plaintiff to have a peaceful and calm work environment free from sexual discrimination and harassment.

17. Defendants individually and as the employer of Plaintiff breached the duty owed Plaintiff.

2

18. As a proximate result of the breach of duty towards Plaintiff, Plaintiff has been injured and damaged.

19. Plaintiff has been injured and damaged as described in paragraphs 10-14 above.

WHEREFORE, Plaintiff demands compensatory damages plus costs.

## COUNT TWO
## VIOLATION OF TITLE SEVEN CIVIL RIGHTS ACT 1964
## DISCRIMINATION-SEXUAL HARASSHMENT

20. Plaintiff realledges all prior paragraphs into this count as if stated herein in full.

21. Defendant Rogers, individually and as the representative of the Company has violated the Civil Rights Act of 1964 as amended and has discriminated against Plaintiff and treated Plaintiff differently from other employees and has sexually harassed Plaintiff as stated herein above.

22. Plaintiff has been injured and damaged as stated in paragraphs 10-14 above.

WHEREFORE, Plaintiff demands compensation damages, punitive damages, attorney's fees, plus costs.

## COUNT THREE
## WANTONNES

23. Plaintiff realledges all prior paragraphs into this count as if stated herein in full.

24. Defendants both individually and in the capacity of the employer of Plaintiff, intentionally acted with complete disregard for the rights and safety of Plaintiff.

25. Plaintiff has been injured and damaged as stated in paragraphs 10-14 above.

26. Plaintiff demands compensation damages and punitive damages.

3

WHEREFORE, Plaintiff demands compensation damages, punitive damages, plus costs.

*/s/J. Scott Hooper*
J. Scott Hooper

of counsel:
The Hooper Law Firm, PC
P.O. Box 241493
Montgomery, AL 36124-1493
334-239-2657 Office
334-215-0288 Facsimile
j.scotthooper@gmail.com

## JURY DEMAND AND JURISDICTION

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS OF THIS ACTION.
THE AMOUNTS OWED PLAINTIFF EXCEED THE MINIMUM JURISDICTIONAL
LIMITS OF THIS COURT.

*/s/J. Scott Hooper*
J. Scott Hooper

4