IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARTINE D. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv591-MHT |
| | ) | (WO) |
| ERMC, II, LP, a foreign | ) | |
| limited partnership, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Plaintiff Martine D. Boyd charges defendant ERMC, II, LP, with sexual harassment under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a & 2000e through 2000e-17), and negligence and wantonness under Alabama state law. The court has original jurisdiction over her federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII). The court has supplemental jurisdiction over her state-law claims under 28 U.S.C. § 1367. This action originated in state court and was removed to federal

court pursuant to 28 U.S.C. § 1441.  It is now before the court on ERMC's motion for summary judgment.

During an on-the-record conference call held on March 9, 2015, Boyd conceded that she did not file her Equal Employment Opportunity Commission (EEOC) charge within the requisite 180-day statutory period, and that her federal claim accordingly was time-barred.  See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (holding that Title VII requires plaintiffs to file EEOC charges within 180 days after the alleged unlawful employment practice occurred, and that plaintiffs may not sue on discrete acts of discrimination that occur outside this statutory time period).  Therefore, by agreement of the parties and the court having made an independent assessment, summary judgment is due to be entered in favor of ERMC on Boyd's federal claims.

An appropriate judgment will be entered.

DONE, this the 11th day of March, 2015.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**