IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **MARTINE D. BOYD,**             ) | |
|     )  | |
|     Plaintiff,           ) | |
|     ) | CIVIL ACTION NO. |
|     v.            ) | 2:14cv591-MHT |
|     ) | (WO) |
| **ERMC, II, LP, a foreign**      ) | |
| **limited partnership,**         ) | |
|     ) | |
|     Defendant.           ) | |

OPINION AND ORDER

Plaintiff Martine D. Boyd charged defendant ERMC, II, LP, with sexual harassment under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a & 2000e through 2000e-17), and negligence and wantonness under Alabama state law.  The court has original jurisdiction over her federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII).  The court has supplemental jurisdiction over her state-law claims under 28 U.S.C. § 1367.  This action

originated in state court and was removed to federal court pursuant to 28 U.S.C. § 1441.

Because the court has already granted summary judgment in favor of ERMC and, thus, because Boyd no longer has a viable federal claim, the court declines to exercise supplemental jurisdiction to reach the merits of Boyd's state-law claims.

A district court has discretion to decline supplemental jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Factors to be taken into account include "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).*  Courts are strongly encouraged to dismiss

---

* Carnegie–Mellon was decided before the passage in 1990 of 28 U.S.C. § 1367, which expressly authorized district courts to decline exercise of supplemental jurisdiction over state-law claims if all claims within the court's original jurisdiction had been dismissed. Nevertheless, Carnegie–Mellon remains useful in analyzing when district courts should decline to exercise supplementary jurisdiction.

state claims when the federal claims have been resolved prior to trial.  See id. (concluding that "federal court[s] should decline the exercise of [supplemental] jurisdiction by dismissing the case without prejudice" when the federal law claims have been dismissed prior to trial).  See also Missildine v. Community Action Committee, 2011 WL 350517, at *3 (M.D. Ala. 2011) (Thompson, J.).  However, because "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction," the court will remand Boyd's state claims to state court.  Myers v. Central Fla. Investments, Inc., 592 F.3d 1201, 1226 (11th Cir. 2010); see also Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1123 (11th Cir. 2005).

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that this case in all remaining respects is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that defendant ERMC, II, LP's motion for summary judgment (doc. no. 29) on the state-law claims and motion to suppplement (doc. no. 33) are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 11th day of March, 2015.

                                          /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**